# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2013

No. 12-30556
Summary Calendar

Lyle W. Cayce
Clerk

CLEVERN A. GRANGER,

Plaintiff - Appellant

v.

ERIC BLANDFORD, Sheriff Deputy at Jefferson Parish; CAROL KIFF, Commissioner, Jefferson Parish 24th Judicial District Court; CHURITA HANSELL, Assistant District Attorney at Jefferson Parish 24th; PAUL D. CONNICK, JR., District Attorney at Jefferson Parish; TRACY SHEPPARD, Public Defender Attorney (District) at 24th Judicial District Public Defender Office; RICHARD TOMPSON, Public Defender Attorney Supervisor (District) at 24th Judicial District Public Defender Office; RAFAEL F. SALCEDO, Ph.D., Sanity Commission Member at 24th Judicial District Court Parish of Jefferson; RICHARD RICHOUX, Medical Doctor, Sanity Commission Member at 24th Judicial District Court Parish of Jefferson; EDWARD ELVIR, Sheriff Deputy at Jefferson Parish Correctional Center; NEWELL NORMAND, Sheriff at Jefferson Parish; JOHN MOLAISON, JR., Judge, Division E at 24th Judicial District Court Parish of Jefferson,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-148

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Clevern A. Granger, Louisiana prisoner # 587600, pursued this action under 42 U.S.C. § 1983 against various defendants, claiming civil-rights violations in connection with his arrest in Jefferson Parish, Louisiana, and the subsequent state-court criminal proceedings. Adopting the magistrate judge's report and recommendation, the district court dismissed Granger's complaint as frivolous for: failing to state a claim upon which relief may be granted; and/or seeking monetary damages against a defendant immune from such relief.

Contesting that dismissal, Granger contends only that the *sua sponte* dismissal, to the extent it was based on immunity, was erroneous because defendants bore the burden of proving their entitlement to an immunity defense. Granger's contention fails, however, as district courts must *sua sponte* dismiss a prisoner's *in forma pauperis* complaint "at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief". 28 U.S.C. § 1915(e)(2)(B)(iii).

The remainder of Granger's brief consists of legal boilerplate and identifies no error in the district court's dismissing his complaint for failing to state a claim upon which relief may be granted. Although *pro se* briefs are liberally construed, *pro se* litigants must brief contentions in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Failure to identify any error in the district court's failure-to-state-a-claim analysis is the same as if Granger had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This dismissal, plus the district court's dismissing under § 1915(e), count as two strikes under § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Granger is warned that a third strike under § 1915(g) will render him unable to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury". 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.